**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-10660
Summary Calendar
_____



JOSEPH J. SCUBELEK,

Plaintiff-Appellant

MILLER PRODUCTS, INC. d/b/a MPI LABEL SYSTEMS
OF TEXAS, ET AL.,

Defendants

VERSUS

MILLER PRODUCTS, INC. d/b/a MPI LABEL SYSTEMS OF TEXAS,

Defendant-Appellee


_____

Appeal from the United States District Court
For the Northern District of Texas
(3:95-CV-2619-T)
_____


February 20, 1998
Before  DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

JOHN M. DUHÉ, Circuit Judge:[1]

Joseph Scubelek ("Scubelek") sued Miller Products Inc. ("MPI")

for violating the Age Discrimination in Employment Act ("ADEA").

He claimed that MPI laid him off during its reduction in force

because he was the oldest of the shift supervisors.  The district

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court granted summary judgment for MPI and we affirm.

## BACKGROUND

MPI, through Steve Brinker ("Brinker"), hired Joseph Scubelek ("Scubelek") in 1989 to work as a shift supervisor. In 1991, a competitor offered Scubelek a job as production manager; however, Scubelek stayed at MPI when Brinker was able to negotiate a new compensation package for him. In 1992, MPI agreed to do business with Rubbermaid, and as a result, in early 1993 increased its production capacity. In spite of the new business, the expected increase in sales never materialized and the second quarter profits dropped. Consequently, MPI decided to reduce the number of shifts which required firing one of the three shift supervisors. To determine who would be fired, Brinker and Phil Norris, MPI's general manager of the Texas plant, used layoff worksheets that compared quantity/quality of work, job knowledge, attendance, team work, safety, conduct/discipline, and overall evaluation. Brinker made the initial evaluations and Norris approved them. They decided that of the three supervisors, Scubelek scored lowest in quantity/quality of work and team work. As a result, Scubelek was fired.

Scubelek sued MPI claiming that his firing resulted from age discrimination and thus violated the ADEA. MPI responded that Scubelek was fired because in the evaluation of supervisors he scored lowest. MPI then successfully moved for summary judgment

2

arguing that Scubelek had failed to show discrimination was the real reason for his firing.  Scubelek appeals.

## ANALYSIS

### A. STANDARD OF REVIEW

We review a grant of summary judgment <u>de</u> <u>novo</u>.  <u>Hanks v. Transcontinental Gas Pipe Line Corp.</u>, 953 F.2d 996, 997 (5th Cir. 1992).  Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. PRO. 56.

### B. THE MERITS

Scubelek argues that the district court erred in granting summary judgment because there was sufficient evidence to show that MPI fired Scubelek because of his age.  In <u>Rhodes v. Guiberson Oil Tools</u>, 75 F.3d 989 (5th Cir. 1996) (<u>en</u> <u>banc</u>), this Court stated that an ADEA plaintiff may avoid summary judgment if the evidence taken as a whole "(1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that age was a determinative factor in the actions of which the plaintiff complains."  <u>Id.</u> at 994.  Scubelek contends that the evidence he presented did create an inference of pretext.

Scubelek first argues that in the months before he was fired, Brinker allegedly made several age based remarks to Scubelek calling him "old man" and stating "that's the first thing that goes

3

is your mind when you get your age". These remarks, though, cannot be considered evidence of age discrimination. Scubelek concedes that the remarks were not part of the summary judgment proceeding and are not in the record on appeal. This court cannot consider matters that are not part of the record on appeal. Galvin v. OSHA, 860 F.2d 181, 185 (5th Cir. 1988). Brinker's remarks to Scubelek are not, however, Scubelek's only evidence of age based remarks. Brinker allegedly told two others that Scubelek was an "old man" and "no spring chicken". We agree, though, with the district court that these remarks are stray remarks and are not evidence of age discriminations. E.E.O.C. v. Texas Instruments, 100 F.3d 1173, 1181 (5th Cir. 1996). Scubelek contends that these remarks cannot be stray remarks because they were made by the person who was an integral part of the decision to fire Scubelek. We reject this argument. In Brown v. CSC Logic, Inc., 82 F.3d 651, 658 (5th Cir. 1996), we stated that if the same actor hired and fired the plaintiff, then the inference was that age discrimination was not the motive behind the firing. Scubelek has not shown this court any evidence to overcome this inference.[2]

---

[2]Scubelek argues that the district court erroneously required him to show the context in which the remarks occurred when it stated that it did not know "the context or time period in which these comments were made". However, Scubelek takes this comment out of context. The district court stated "[
n]ot knowing the context or time period in which these comments were made, the Court presumes that they were disparaging and disrespectful to [Scubelek]." Thus, the district court was not requiring that Scubelek show context but was merely making an assumption to Scubelek's benefit.

4

Scubelek next argues that his evidence that he was qualified to perform his job raises a material fact issue that he was fired because of his age. Here, the facts show that MPI was firing employees as a result of a reduction in force. This Court has held that in a reduction in force context the fact that an employee is qualified is less relevant. E.E.O.C. v. Texas Instruments, 100 F.3d at 1181. An employer may have to make cut backs despite a worker's competent performance. Id. However, if Scubelek can produce evidence that he was fired in favor of a younger, clearly less qualified individual, then a genuine material fact issue exists. Scubelek does not make any such showing.[3]

Finally, Scubelek contends that the district court erred in not considering his evidence that the reduction in force was a mere pretext for age discrimination. He first proffers a notation, "if 5% over 40--don't have", which Phil Norris wrote when he was deciding whom to lay off. Norris explained that the notation meant do not layoff more than 5% of the over 40 employees. Scubelek states that the MPI workforce had 28.5% of its employees over 40 before the lay off and 23.9% afterward. Thus, he contends that MPI violated its own directive. This argument is wrong because the reduction stayed under 5%, in fact at 4.6%. Thus, MPI did not

---

[3]Scubelek offered evidence that he was not given any disciplinary warnings and that he may have had more job experience than one of the retained supervisors. However, this evidence does not show that Scubelek was clearly better qualified than the retained supervisors.

violate its own directive. Nor does the fact that MPI was conscious of not violating the ADEA prove that its reduction in force was mere pretext for firing Scubelek.

Scubelek's other evidence to show pretext is (1) that Brinker was fired from MPI and his previous job for sexual harassment, (2) that Brinker sent one of the remaining supervisors to a conference instead of Scubelek, and (3) that the same supervisor and Brinker occasionally went to dinner. We agree with the district court that this evidence is immaterial to his claim. Brinker's alleged propensity towards gender bias does not prove age discrimination. As for the conference and the dinners, that evidence shows at best a preference for the one supervisor. It does not show in any way that the preference was based on age. We, therefore, affirm the district court's grant of summary judgment.

AFFIRMED.